# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2023

Lyle W. Cayce
Clerk

_____

No. 23-30590
Summary Calendar

_____

Fred Howard, Jr.,

*Plaintiff—Appellant*,

*versus*

City of Shreveport; D. J. Gaut, *individually and as an employee of the City of Shreveport*; James N. Roberts, *individually and as an employee of the City of Shreveport*; Joey Hester, *individually and as an employee of the City of Shreveport*; William Scott, *individually and as an employee of the City of Shreveport*; T. W. Oster,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CV-2303

_____

Before Elrod, Haynes, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Fred Howard, Jr., Louisiana prisoner # 117952, moves to proceed in forma pauperis (IFP) on appeal following the district court's denial of his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30590

Federal Rule of Civil Procedure 60(b) motion. His motion was filed following the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. Howard's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Howard contends that his judgment is void and that he is entitled to relief under Rule 60(b)(4), because his § 1983 proceeding was reassigned from one district court judge to another and the judge to whom the case was assigned lacked jurisdiction to sign and enter the judgment of dismissal. Howard does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Howard is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

2